The opinion of the Court was delivered by

Mr. Justice^ Huger.

*318 Two questions arise in this case: 1st. were the pencil marks ■an obliteration within the meaning of the statu'e? and
2dly. Were they done with an intention of revoking the-'•will?
To constitute an obliteration, it is necessary? that the writing testamentary or some part of it should have been defaced by the testator himself, or by some other person in his presence, and by his direction and consent. — -(See p. laws. 491.) In what manner and by what means the writing shall be obliterated, is. not prescribed It is enough if the writing be obliterated by any means and in any manner, provided the other requisitions of the act be complied with. It must be done (whatever means be employed) with the intention of obliterating. — An accidental or unintentional obliteration, done by the testator himself, or by another, will not satisfy the requisitions of the act.
It the pencil marks were made by the testator or by his di= rections, with the intention of obliterating the writing, the act so far would have been complied with; but the evidence in this case does not shew that the testator made the pencil marks himself, or that they were made by his direction; the words of the witness copied from his own statement are, “ it was done for my own (the witness’) convenience;” and that the pencil marks were not made by the directions of the testator, is corroborated by' the further acknowledgement of the same witness, that he had himself rubbed out the marks. If the witness had understood the pencil marks as done by the testator, he could not have regarded himself as at liberty to rub them out.
But had the testator made the pencil marks himself, or had caused them to be made with the intention of an obliteration. the purpose for which he had obliterated must appear, before any just conclusion could be formed' as to the effect of such an •obliteration.
T.t is intention which gives character to an act. Had he pencilled the whole instrument, without the intention of ievok. ing it, it would not have been revoked. Had he pencilled a. part of it (symbolically) with the, intention of revoking the •whole, the whole would have been revoked.- An intended *319 obliteration must be coupled with an intention to destroy the whole instrument, to Constitute a revocation. The intended obliteration of a part, without the intention of destroying the whole, is no revocation. (See Pringle and Ex'rs. vs. M'Pherson, & Co.)
Harrison- and Earle, for motion.
Williams, and Wallis Thompson, contra.
In this case, there is no evidence of any intention to revoke the whole Instrument. The extent of the testator’s wish, ■was to alter certain legacies and insert another; with the devises he was entirely satisfied. The obliteration therefore, though intended,-, was not coupled with the intention of destroying the whole instrument, and cannot operate as a revocation.
Had, however, the testator commenced his instructions to the witness, with the intention of making another will, by which the former was to be revoked, yet as these instructions were not completed, it must be regarded as an imperfect incohate act, by which his former will (a perfect act,) could not be revoked. (See the case of Brailsford and Johnson, 2 Nott & M' Cord, 272.) The motion therefore in this case must prevail, and a new trial is ordered. ,
Johnson, Richardson and Gantt, Justices concurred.